REID, Judge.
This suit was brought by plaintiffs Carlos Martello and his wife Mrs. Ida Mae Mar-tello for damages to their automobile caused by the alleged criminal trespassing upon and conversion of the said car by Kenneth Wayne McKellar, minor son of Johnnie McKellar, whose real name is John G. McKellar. The suit was originally for the sum of $2662.93 for damages to the automobile, loss of use of the automobile, humiliation and embarrassment of Mrs. Mar-tello among her friends and coworkers and criminal trespass on petitioners’ property. At the time of the alleged occurrence Kenneth Wayne McKellar was a minor, living with his father, John G. McKellar. The incident occurred on April 19, 1963 near the building and grounds of Casualty and Surety Division of the State of Louisi *515 ana, located at 5790 Florida Boulevard in the City of Baton Rouge, Louisiana.
Defendant Johnnie McKellar filed an answer in the nature of general denial and further plead that any loss or damage alleged to have been sustained by the petitioners, or either of them, was due to the independent, intervening negligent act or acts of Mrs. Ida Mae Martello in operating her said car and further plead contributory negligence on the part of Mrs. Mar-tello. Subsequently, plaintiffs filed a supplemental and amended petition on October 2, 1963 seeking further damages in the amount of $152.95 covering damages alleged to have happened to the car and making Michigan Miller Mutual Insurance Company, insurer of the McKellar family car as party defendant. Maryland Casualty Company was originally made a party defendant but they were dismissed from the suit. The defendant Michigan Miller Mutual Insurance Company filed an answer in the nature of general denial and further plead that there was no coverage of the alleged occurrence by the insurance policy that had issued to McKellar.
The case was tried and the Lower Court rendered a decision in favor of defendants, rejecting plaintiffs’ demand and dismissing their petition at their costs. A motion for a new trial was filed and overruled.
Plaintiffs then appealed to this Court.
There are two issues in this case, first, the question of liability of the defendant McKellar, and second, the question of coverage of the McKellar automobile under the alleged facts by the defendant Michigan Miller Mutual Insurance Company. We believe that the decision of the factual issues will decide the case.
The Judge of the Lower Court in his written reasons for judgment held there was not sufficient proof that the damages to the car were caused by the alleged accident.
The facts are almost undisputed. Johnnie McKellar was employed as custodian of the building and grounds of the Casualty and Surety Division of the State of Louisiana, located on 5790 Florida Boulevard of Baton Rouge, Louisiana. His son, Kenneth Wayne McKellar, was likewise employed by the Casualty and Surety Bureau as a chauffeur. The building and grounds occupied by the Bureau were leased from Dr. George Azar. The grounds included a parking area which had the usual lines in which to park and there was a side entrance to the building which was used as a loading place, and which had right near it a sign reading, “No Parking.” On April 19, 1963 Mrs. Martello, one of the plaintiffs, was employed by the Bureau as a File Clerk and worked under Miss Sarah Margaret Dixon. She alleged that she arrived at work on this date at 8:00 A.M., parked on the west side, near the building, and that there was not a “No Parking” sign at the place she parked. The facts show conclusively that she parked either in, or within, a few feet of the entrance for loading and unloading material and freight and that there was a “No Parking” sign near this entrance. While Mrs. Martello alleged and testified that she arrived about 8 o’clock in the morning the time card signed in by her showed that she did not come to work until 12:30 P.M.
Sometime in the afternoon a truck arrived at the Bureau with a load of material and could not park and unload the same because Mrs. Martello’s car was parked in front of the entrance. Mr. McKellar then told the man, whom he called Townsend, to have the car removed. The testimony is a little vague as to whether he told his son, or Townsend told Wayne Mc-Kellar to move the car, but there is no question but what young McKellar, finding the keys in the car, parked the car some 30 or 40 feet off the parking lot and on to an adjoining parking lot where he left it. This adjoining parking lot had been used by some of the employees to park their cars, either on account of shade trees *516 located thereon, or because the Bureau parking area was filled. This adjoining parking lot was elevated some 5]4 to 6 inches higher than the Bureau parking lot and the Martello car was backed up and over this elevation on to the parking lot.
Young McKellar testified that he asked Mrs. Martello to move the car but she refused, telling him that other people parked their cars there and she was going to do the same. Mrs. Martello denied this and stated that no one requested her to move the car.
When Mrs. Martello left work that day she found that her car had been moved and she got into it and drove off the adjoining parking lot on to the Bureau parking lot, which necessitated her going down the elevation of or 6 inches, which she claims caused her car to drag on the hump and caused the subsequent damage.
Our Learned Brother below found that young McKellar did not request Mrs. Mar-tello to move and that Mr. McKellar should not have had the car removed, and if he had to move it, it should have been done in such a manner as not to cause any damage.
However, the Trial Judge held there was not sufficient proof that the damages to the car, particularly those found several days later, were caused by the removal of the car. With this finding we concur. No one could testify positively that the damage was caused by the moving of the car by young McKellar. It is elementary that the plaintiff bears the burden of proof, proving his claim by a fair preponderance of evidence and the plaintiffs herein have failed to carry this burden.
For these reasons the judgment of the Lower Court is affirmed.
Affirmed.